IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATELYN WILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-06141-RK |
| | ) |
| BRETT STILES, LM GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case arises from a motor vehicle collision between Plaintiff Katelyn Wills and Defendant Brett Stiles in September 2016. (Doc. 1-6 at ¶ 7.) In May 2020, Plaintiff filed a lawsuit against Defendant Stiles in Missouri state court for negligence, which was tried to a jury in May 2022, resulting in a verdict in favor of Plaintiff and against Defendant Stiles in the amount of $625,000, plus costs and post-judgement interest. (*Id.* at ¶¶ 9-12.) Defendant LM General Insurance Company ("LM") defended Defendant Stiles in the state negligence case without a reservation of rights. (*Id.* at ¶ 18.)

In this action, Plaintiff brings garnishment and equitable garnishment claims seeking to have the insurance policy issued by Defendant LM to Defendant Stiles applied to the judgment Plaintiff obtained against Defendant Stiles. (*Id.* at ¶ 19.) This case was filed in the Circuit Court of Buchanan County, Missouri, on August 24, 2022. (Doc. 1-6.) Defendant Stiles filed an amended answer and crossclaim against LM for bad faith refusal/failure to settle on October 13, 2022. (Doc. 1-7.) LM filed an amended answer and counterclaims against Plaintiff for abuse of process and wrongful garnishment on November 7, 2022, claiming that Plaintiff is not seeking to obtain insurance proceeds owed by LM under the relevant policy for the underlying judgment, as LM has already paid all insurance proceeds capable of garnishment, but is instead seeking a collateral result that garnishment is not intended to effect. (Doc. 1-2.) On December 7, 2022, Plaintiff filed a "reply to Defendant LM General Insurance Company's affirmative defenses and Plaintiff's answer to Defendant LM General Insurance Company's Counterclaims." (Doc. 1-3.) That filing also contains "Counterclaims" against Defendant LM for bad faith and attachment.

(*Id.*) Defendant LM removed the case from state court to federal court on December 28, 2022. (Doc. 1.)

On May 12, 2023, the Court entered an order (1) denying Plaintiff's motion to remand, (2) denying Defendant Brett Stiles' motion to remand, and (3) granting Defendant LM's motion to dismiss Plaintiff's counterclaims, dismissing Plaintiff's claims against Defendant Brett Stiles. (Doc. 16.) In that Order, the Court found Defendant LM timely filed for removal because Plaintiff did not explicitly disclose a basis for federal jurisdiction until she revealed on December 7, 2022, that she was seeking garnishment as to an amount of money meeting the diversity jurisdiction amount in controversy requirement. The Court also found that Defendant Stiles was fraudulently joined, because there was no reasonable basis in fact and law supporting Plaintiff's garnishment claim against Defendant Stiles. The Court further found that because Plaintiff and Defendant LM are citizens of different states as to all Plaintiff's garnishment claims, diversity jurisdiction under § 1332 was not destroyed. The Court, having concluded it had subject matter jurisdiction, then turned to Defendant LM's motion to dismiss Plaintiff's counterclaims. The Court found that the counterclaims were not permitted under the Rules and precedent. Even if they were allowed, the Court found the bad-faith and attachment counterclaims would fail because Plaintiff had not alleged the assignment of Defendant Stiles' bad faith failure to settle claim or alleged that Plaintiff and Defendant Stiles had entered any settlement agreement.

Following the entry of that order, and after Defendant LM filed two motions for summary judgment (one against Plaintiff as to her claim of garnishment (Doc. 18) and one against Defendant Stiles as to her Crossclaim for bad faith (Doc. 20)), Plaintiff filed a second motion to remand, to vacate the Court's prior order, and for extension of time to respond to Defendant LM's motion for summary judgment as to her garnishment claim. (Doc. 22.) Because Plaintiff's motion challenges this Court's subject matter jurisdiction, and seeks an extension for responding to Defendant LM's motion for summary judgment on her garnishment claim rather than responding to it in substance, the Court addresses this motion here first.

Plaintiff's motion asks the Court to remand the case for lack of subject matter jurisdiction, to vacate its May 12, 2023 Order for lack of subject matter jurisdiction, and to extend the time for her to file responses to Defendant LM's motion for summary judgment on Plaintiff's garnishment claim. (Doc. 22.) Plaintiff contends that, based on the rationale of the Court's May 12, 2023 Order (Doc. 16), at the time Plaintiff filed her garnishment claim and at the time it was removed to this

2

Case 5:22-cv-06141-RK   Document 32   Filed 08/25/23   Page 2 of 5

Court, it was a legal certainty that Plaintiff's claim was for less than $75,000, so this Court does not have subject matter jurisdiction.

Plaintiff argues *Schubert v. Auto Owners Insurance Company*, 649 F.3d 817 (8th Cir. 2011) supports her theory that the Court should vacate its prior order and remand for lack of subject matter jurisdiction. The Court disagrees. *Schubert* does not support Plaintiff's theory. *Schubert* was a removal case in which the issue on appeal was whether Schubert's claim of vexatious refusal to pay was sufficient to bring the value of the case from the $62,250 in damages alleged in the breach of contract claim to over the $75,000 diversity jurisdiction threshold. *Id.* at 821. The Eighth Circuit reasoned that "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not . . . oust the jurisdiction" although "[s]ubsequent events may . . . be relevant to prove the existence or nonexistence of diversity jurisdiction[.]" *Id.* at 822-23 (quotation marks and citations omitted). The *Schubert* court concluded that the district court's ruling in favor of the defendant on the vexatious refusal claim on summary judgment was not an event that brought Schubert's case into the "category of cases in which jurisdictional prerequisites are, to a legal certainty, not satisfied," thus the court "credit[ed] the good-faith allegations of her complaint and conclude[d] jurisdiction [was] proper." *Id.* at 826.

*Schubert* does not support Plaintiff's theory. Here, it does not "appear[] to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." *Id.* at 822. Rather, it appears that regardless of the merits of Plaintiff's claims or her ability in the end to recover any amount on her claims, the good-faith allegations in Plaintiff's complaint satisfy the jurisdictional prerequisites for diversity jurisdiction. In contrast, *Schubert* did not involve a motion to vacate and remand following a district court ruling finding fraudulent joinder and finding against plaintiff on two other claims as a matter of law. More importantly, *Schubert* did not hold that where a district court finds that a plaintiff fraudulently joined a non-diverse defendant and finds plaintiff's other claims to be without merit on analysis through motion practice, the proper disposition is to vacate those very findings and send the meritless case back to state court.

Instead, contrary to Plaintiff's position, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v.*

*Red Cab Co.*, 303 U.S. 283, 293 (1938). The Court's evaluation of the amount in controversy is guided by the following:

> it is the amount or value of that which the complainant seeks to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the sum or value of the matter in dispute, which tests the jurisdiction. *Lowe v. First Fin. Ins. Co.*, No. 14-00801-CV-W-JTM, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015) (citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (quoting *Cowell v. City Water Supply Co.*, 121 F. 53, 57 (8th Cir. 1903))). "[I]n disputes regarding the applicability of an insurance policy to a particular occurrence, as where insurance coverage is denied, the amount in controversy is the value of the underlying claim." *Lowe*, 2015 WL 753139, at *3 (citing *Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *1 (E.D. Mo. Apr. 1, 2009)).

*Huffman v. AMCO Ins. Co.*, No. 4:17-CV-00485-BCW, 2017 WL 9804980, at *2 (W.D. Mo. Aug. 31, 2017).

Here, Plaintiff's case rests on her position that Defendant "LM is liable for the full amount of the judgment rendered against Ms. Stiles in the underlying action [($625,000)], plus interest accruing thereon[.]" (Doc. 1-3.) There appears to be no dispute that Defendant LM has made payments to Plaintiff of $100,000 plus interest, meeting the per person policy limit. So the amount in controversy is approximately $525,000, constituting the value of the underlying claim (because this is a dispute regarding applicability of an insurance policy to a particular occurrence where such insurance coverage is denied as to the amount of $525,000).

Plaintiff's argument that the amount in controversy is, to a legal certainty, below the required threshold for federal subject matter jurisdiction is without merit. To accept Plaintiff's argument would incentivize Plaintiff's fraudulent joinder by granting the remand she seeks, which is the opposite of the outcome required by both logic and authority. In essence, Plaintiff asks this court to disregard all her earlier, failed arguments, find $0 is the amount in controversy and was so at the time of removal, and reward Plaintiff for bringing a $0 lawsuit with the remand she requests – as well as vacating its prior findings and rulings against her – rather than finding it did not oust its own subject matter jurisdiction by its prior findings and rulings and disposing of the $0 controversy in favor of Defendant on summary judgment. This attempted manipulation defies reason and fairness and finds no support in precedent. None of Plaintiff's cited authority analyzes subject matter jurisdiction in the context of a second motion to remand filed after the Court has

made a ruling finding fraudulent joinder and disposing of a counterclaim to a counterclaim based on its impropriety under the Rules and failure as a matter of law.

Accordingly, and after careful consideration, Plaintiff's motion to remand, vacate, and for extension of time (Doc. )22 is:

(1) **GRANTED** in part, to the extent that Plaintiff is **ORDERED** to file a substantive response to Defendant LM's motion for summary judgment (Doc. 18) on or before September 1, 2023; and

(2) **DENIED** in all other respects.

**IT IS SO ORDERED**.

                                                      s/ Roseann A. Ketchmark
                                                      ROSEANN A. KETCHMARK, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATED: August 25, 2023