IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATELYN WILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-06141-RK |
| | ) |
| BRETT STILES, LM GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant LM General Insurance Company's motion for summary judgment as to Plaintiff Katelyn Wills' garnishment claim. (Doc. 18.) The motion is fully briefed. (Docs. 19, 23, 27, 33, 34.) For the reasons below, the motion is **GRANTED**.

### Background[1]

LM issued an automobile liability insurance policy with a policy number of AOS-248-177135-70 6 4 and a policy period of March 3, 2016, to March 3, 2017 ("Policy"). The Policy lists Ms. Stiles as a driver and provides a $100,000 "Each Person" limit for bodily injury liability coverage. The Policy provides that it will pay interest accruing after a judgment is entered in a suit LM defends, and the obligation ends when LM offers to pay the part of the judgment that does not exceed the limit of liability under the Policy. The Policy also provides for payment of prejudgment interest awarded against its insured on the part of the judgment LM pays. The Policy limits this prejudgment interest to any time period before it makes an offer to pay the limit of liability.

Katelyn Wills filed a lawsuit against Brett Stiles on May 27, 2020, alleging that Ms. Stiles was negligent in her operation of a vehicle ("the Underlying Lawsuit"). Pursuant to the Policy, LM provided an unconditional defense to Ms. Stiles in the Underlying Lawsuit. A jury ultimately returned a verdict in favor of Ms. Wills, and against Ms. Stiles, in the amount of $625,000, in the Underlying Lawsuit. On May 27, 2022, the Circuit Court of Buchanan County, Missouri, entered

---

[1] Because Plaintiff did not address the statement of uncontroverted material facts in LM's motion, as explained in more detail herein, the facts set forth in LM's statement of uncontroverted material facts (Doc. 19 at 1-4) are deemed admitted for purposes of summary judgment. As such, these facts are taken from LM's statement of uncontroverted material facts.

a judgment in the Underlying Lawsuit on the jury's verdict. The Underlying Judgment awarded costs and post-judgment interest, but not prejudgment interest.

On August 23, 2022, LM tendered the Policy's $100,000 "Each Person" bodily-injury limit to Plaintiff Wills. On August 24, 2022, Plaintiff Wills filed this present action, asserting identical garnishment claims against LM and Ms. Stiles. (Doc. 1-6 at 2-4.)

On September 20, 2022, LM tendered $9,965.75 in post-judgment interest to Plaintiff Wills, as agreed to by Plaintiff. On October 7, 2022, LM tendered $3,368.36 in costs to Plaintiff Wills, also as agreed to by Plaintiff.

## Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (quotation marks and citations omitted). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (quotation mark and citation omitted). At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c)(1).

In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Rule 56(c); *see also Thomas v. Corwin,* 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment). An "adverse party may not rely merely on allegations or denials, but must set out specific facts – by affidavits or other evidence – showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Rule 56(e)).

Additionally, unless specifically controverted by the nonmoving party, all facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment. W.D. Mo. L.R. 56.1(a). To controvert a factual position, the nonmoving party must "refer specifically to those portions of the record upon which [he] relies." *Jones v. United Parcel Serv., Inc.*, 461

2

F.3d 982, 990 (8th Cir. 2006) (citation omitted).

## Discussion

### I. Procedural Matters

As an initial matter, the Court notes that Plaintiff has not complied with Local Rule 56.1. While the Court reviews the record in the light most favorable to Plaintiff as the non-moving party, Local Rule 56.1 sets out the manner in which a motion for summary judgment and opposing suggestions should be filed in this Court and states in part:

> (a) **Supporting Suggestions.** A party moving for summary judgment must begin its supporting suggestions with a concise statement of uncontroverted material facts. Each fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c).
>
> (b) **Opposing Suggestions.**
>
> 1. A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.
>
> 2. If the opposing party relies on any facts not contained in the movant's suggestions, the party must add a concise listing of material facts. Each fact in dispute must be set forth in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c).

In its reply, LM contends that because Plaintiff Wills' suggestions in opposition fail to address the material facts set out in LM's motion for summary judgment, she has admitted to LM's statement of material facts. Plaintiff Wills did not address the statement of facts in LM's motion in her summary judgment response. Therefore, the facts set forth in LM's statement of uncontroverted facts (Doc. 18 at 1-4) are deemed admitted for purposes of summary judgment.

### II. Garnishment

Turning to the merits of the case, Plaintiff Wills brings both claims of traditional garnishment pursuant to § 525.240, RSMo., and Missouri Supreme Court Rule 90 and equitable garnishment pursuant to § 379.200, RSMo. Defendant LM argues that because it has already tendered all applicable insurance money to Plaintiff Wills, her garnishment claim against Defendant LM must fail. In response, Plaintiff Wills argues (1) for an extension to respond to

LM's motion, and/or (2) that the Court should abstain from ruling on Defendant LM's motion for summary judgment as to her garnishment claim or deny the motion for lack of subject matter jurisdiction.[2] As to the substance of LM's motion, Plaintiff Wills' response only reasserts and incorporates the arguments in her second motion to remand (Doc. 22) and in her original motion to remand (Doc. 8). (Doc. 23 at 2; Doc. 33 at 1.)

Garnishment is a proceeding in aid of execution of a judgment. Rule 69 of the Federal Rules of Civil Procedure provides that proceedings in aid of execution of a judgment "must accord with the procedure of the state where the court is located." As such, Missouri's garnishment laws apply. The garnishment procedure "enables a judgment creditor (the garnishor) to collect the amount of the judgment by seizing the judgment debtor's property when it is in the hands of a third party (the garnishee)." *Aly v. Hanzada for Imp. & Exp. Co., Ltd.*, No. 5:12-CV-06069-DGK, 2019 WL 1102221, at *2 (W.D. Mo. Mar. 8, 2019) (quoting *Baisch & Skinner, Inc. v. Bair*, 507 S.W.3d 627, 629 (Mo. Ct. App. 2016)).

"To be subject to garnishment, money must be due to the judgment debtor absolutely, 'unaffected by liens, prior incumbrances, or conditions of contract.'" *Id.* (quoting *Heege v. Fruin*, 18 Mo. App. 139, 142 (1885)). It is the garnishor's burden to establish "that the garnishee holds money or credits belonging to the judgment debtor." *Id.* (citing *Bunker v. Hibler*, 49 Mo. App. 536, 545-46 (1892)). Critically, "[t]he garnishor may reach the indebtedness which the garnishee has a present obligation to pay to the judgment debtor at the time of service, and nothing beyond this." *Murray v. Murray*, 176 S.W.3d 713, 717 (Mo. Ct. App. 2005) (citing *Wenneker v. Physicians Multispecialty Group, Inc.*, 814 S.W.2d 294, 296 (Mo. banc 1991)).

In the context of Plaintiff Wills' garnishment claim, Plaintiff Wills is the purported garnishor, Defendant LM is the purported garnishee, and Ms. Stiles is the purported judgment debtor. The purported indebtedness Plaintiff Wills seeks to garnish is the approximately $525,000 of debt remaining unpaid to Plaintiff Wills from the judgment against Ms. Stiles in the Underlying Lawsuit. The amount and the garnishment claim depend on Ms. Stiles' unadjudicated bad faith failure to settle claim against Defendant LM because Defendant LM has tendered to Plaintiff Wills

---

[2] The Court's subject matter jurisdiction was addressed in the Court's Order of August 25, 2023, denying Plaintiff's second motion to remand to state court for lack of subject matter jurisdiction, motion to vacate May 12, 2023 order for lack of subject matter jurisdiction, and motion for extension of time to file responses to the pending Defendant LM General Insurance Company's motion for summary judgment on Plaintiff's garnishment claim. (Doc. 32.)

all other amounts due up to the $100,000 each person policy limit. The record shows that Defendant LM does not have a present obligation to pay Ms. Stiles any indebtedness and does not hold money belonging to Ms. Stiles. In short, no money of Defendant LM is due to Ms. Stiles absolutely. Any bad faith failure to settle claim belonging to Ms. Stiles is unadjudicated. Even if Ms. Stiles moves forward with a bad faith failure to settle claim against Defendant LM and even if she is eventually successful as to that claim, such a speculative potential outcome is insufficient to support Plaintiff Wills' present claim as a purported garnishor. Further, the record shows any bad faith failure to settle claim belonging to Ms. Stiles has not been assigned to Plaintiff Wills by settlement or otherwise.

On this record, Plaintiff Wills has no garnishment claim against Defendant LM as a matter of law.

**III. Conclusion**

Accordingly, Defendant LM's motion for summary judgment as to Plaintiff Wills' garnishment claim is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12, 2023

5

Case 5:22-cv-06141-RK   Document 35   Filed 09/12/23   Page 5 of 5