IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATELYN WILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-06141-RK |
| | ) |
| BRETT STILES, LM GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendant/Cross-Claim Defendant LM General Insurance Company's motion for summary judgment as to Defendant/Cross-Claimant Brett Stiles' Cross Claim. (Doc. 20.) The motion is fully briefed. (Docs. 21, 25, 26.) For the reasons below, the motion is **DENIED**.

### Background[1]

LM issued an automobile liability insurance policy with a policy number of AOS-248-177135-70 6 4 and a policy period of March 3, 2016, to March 3, 2017 ("Policy"). The Policy lists Ms. Stiles as a driver and provides a $100,000 "Each Person" limit for bodily injury liability coverage. On September 2, 2016, Ms. Stiles was driving a truck when she collided with a car occupied by Ms. Wills ("the Accident"). By letter dated September 8, 2016, to Ms. Stiles' father, Ms. Wills' counsel stated in part:

> I am sending you this letter as a professional courtesy to let you know our law firm has been retained by Katelyn Wills to assist her with her claims arising out of the injuries she suffered in the accident with your daughter, Brett Stiles on Friday, September 2, 2016.
> ….
> Depending on your level of insurance coverage, it would be our intent to make a settlement demand at some point for the payment of your insurance policy limits. If your insurance carrier accepts that demand, a settlement with them would avoid any personal exposure your daughter may have as a result of these claims. If your insurance carrier refuses to accept that demand you will likely need your own

---

[1] Because Ms. Stiles' did not address the statement of uncontroverted material facts in LM's motion, as explained in more detail herein, the facts set forth in LM's statement of uncontroverted material facts (Doc. 21 at 1-4) are deemed admitted for purposes of summary judgment. As such, these facts are taken from LM's statement of uncontroverted material facts.

personal attorneys to take action to protect you from your insurance carrier's potential bad faith and to possibly engage in settlement discussions with us directly.

On December 27, 2016, LM offered Ms. Wills $100,000 – the amount of the Policy's "Each Person" bodily injury liability limit – to settle her claim. By letter dated March 16, 2017, to LM, Ms. Wills' counsel stated:

> I understand you have called to inquire about the status of your pending offer to settle Kaitlyn [sic] Wills' claims. We are not in a position yet to respond to that offer as Ms. Wills is still undergoing treatment for her injuries. We will respond to that offer after her treatment is complete.

By letter dated February 22, 2018, to Ms. Wills' counsel, LM advised it was "following up" on its "offer of $100,000 to settle Katelyn Wills' injury claim." By letter dated August 14, 2018, to Ms. Wills' counsel, LM advised it was "following up" on the offer of "policy limits of $100,000" to Ms. Wills. By letter dated November 18, 2018, to Ms. Wills' counsel, LM advised it was "following up" on the "$100,000 policy limits offered on 12/27/16 to settle Katelyn Wills' injury claim," and asked Ms. Wills' counsel to "advise if Katelyn wishes to accept the offer of policy limits." By letter dated June 10, 2019, to Ms. Wills' counsel, LM advised it was "following up" on the "policy limits offer of $100,000 extended on 12/27/2016" to Ms. Wills.

By letter dated October 23, 2019, Ms. Wills' counsel made a demand to LM for $300,000 to globally settle the claims of Ms. Wills and three other individuals involved in the Accident ("Global Demand").[2] The Global Demand states in part, "This demand may only be accepted globally and the only acceptance of this demand that is permitted by this global demand is payment of the entirety of the policy limits in the amount of $300,000 . . . ."

By letter dated November 22, 2019, to Ms. Wills' counsel, LM reiterated "the $100,000 per person policy limit offer, which we made on 12/27/16 to settle Katelyn Wills' claim." Ms. Wills did not accept LM's $100,000 policy limit offer, but instead filed a lawsuit on May 27, 2020, alleging negligence against Ms. Stiles ("the Underlying Lawsuit").

Pursuant to the Policy, LM provided an unconditional defense to Ms. Stiles in the Underlying Lawsuit. Three of the four plaintiffs in the Underlying Lawsuit settled their claims as follows: Jordan Axtell for $50,000 plus agreed court costs; minor L.A. for $20,000 plus agreed court costs; and minor L.W.-W. for $21,137.87 plus agreed court costs. Ms. Wills, however,

---

[2] This Global Demand amount of $300,000 is the amount of the Policy's "Each Accident" bodily injury liability limit. (Doc. 1-4 at 3; Doc. 21-8 at 3.)

continued to refuse LM's $100,000 offer and instead submitted her claim to a jury who returned a verdict in favor of Ms. Wills, and against Ms. Stiles, in the amount of $625,000, in the Underlying Lawsuit. On May 27, 2022, the Circuit Court of Buchanan County, Missouri, entered a judgment in the Underlying Lawsuit on the jury's verdict.

On August 24, 2022, Ms. Wills filed this present action, purportedly seeking garnishment against LM and Ms. Stiles. Ms. Stiles filed a Cross Claim against LM, alleging bad faith failure to settle.

## Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (quotation marks and citations omitted). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (quotation mark and citation omitted). At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c)(1).

In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *see also Thomas v. Corwin,* 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment). An "adverse party may not rely merely on allegations or denials, but must set out specific facts – by affidavits or other evidence – showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

Additionally, unless specifically controverted by the nonmoving party, all facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment. L.R. 56.1(a). To controvert a factual position, the nonmoving party must "refer specifically to those portions of the record upon which [he] relies." *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 990 (8th Cir. 2006) (citation omitted).

3

## Discussion

### I. Procedural Matters

As an initial matter, the Court notes that Ms. Stiles has not complied with Local Rule 56.1. While the Court reviews the record in the light most favorable to Ms. Stiles as the non-moving party, Local Rule 56.1 sets out the manner in which a motion for summary judgment and opposing suggestions should be filed in this Court and states in part:

> (a) **Supporting Suggestions.** A party moving for summary judgment must begin its supporting suggestions with a concise statement of uncontroverted material facts. Each fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c).
>
> (b) **Opposing Suggestions.**
>
> 1. A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.
>
> 2. If the opposing party relies on any facts not contained in the movant's suggestions, the party must add a concise listing of material facts. Each fact in dispute must be set forth in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c).

Local Rule 56.1.

In its reply, LM contends that because Ms. Stiles' suggestions in opposition fail to address the material facts and legal arguments set out in LM's motion for summary judgment, she has failed to preserve her right to contest the merits of LM's motion on her bad faith Cross Claim and has admitted to LM's statement of material facts.

Although it is filed as a response in opposition to LM's motion for summary judgment as to Ms. Stiles' Cross Claim, Ms. Stiles' response to LM's motion for summary judgment bears the title: "Defendant Stiles' Response to Defendant LM's Summary Judgment Motion and Request to Deny or Defer Ruling on the Motion under Rule 56(d)[.]" Rule 56(d) is implicated where a

motion for summary judgment is filed before discovery is complete. Federal Rule of Civil Procedure 56(d) provides for the following:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

But "[i]t is not enough to present a list of facts sought to be discovered." *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019). "The party seeking additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (internal quotation marks omitted). "The nonmovant must articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Mirapex Prod. Liab. Litig.*, 912 F.3d at 1135 (internal quotation marks omitted).

In addition, where, as here, a nonmovant requests Rule 56(d) relief but fails to respond to movant's statement of uncontroverted material facts, the Rule 56(d) request does not excuse the failure to respond to the statement of uncontroverted material facts, and those facts "shall be deemed admitted for purposes of summary judgment." *Vitello v. Natrol, LLC*, 50 F.4th 689, 693 n.3 (8th Cir. 2022) (citing *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) ("If no objections have been raised in the manner required by the local rules, a district court will not abuse its discretion by admitting the movant's facts.")).

Here, Ms. Stiles did not address the statement of facts in LM's motion. Therefore, the facts set forth in LM's statement of uncontroverted facts (Doc. 21 at 1-4) are deemed admitted for purposes of summary judgment. Ms. Stiles seeks additional discovery to include LM's claim file, correspondence between LM and the underlying plaintiffs, and claims manuals and information about the employees who adjusted the underlying claims. Ms. Stiles argues this information is relevant to whether LM engaged in bad faith and that she anticipates that this discovery will establish that LM turned down other offers from the underlying plaintiffs that would have protected Ms. Stiles' financial interests. Counsel for Ms. Stiles has attached an affidavit attesting to these facts and allegations.

The Court finds Ms. Stiles falls short of the showing required to justify relief under Rule 56(d), as her motion and attached affidavit do not show "that the facts sought exist," but merely "anticipates" that the discovery sought would reveal that LM turned down other offers from the underlying plaintiffs. Such "'speculation that there is some relevant evidence not yet discovered will never suffice.'" *Toben*, 751 F.3d at 895 (quoting Moore's Federal Practice – Civil, § 56.102[2] (3d ed.2013)).

Accordingly, the relief Ms. Stiles seeks pursuant to Rule 56(d) is denied.

## II. Bad Faith

Turning to the merits of the case, Ms. Stiles' Cross Claim alleges bad faith refusal to settle. LM argues that it timely and repeatedly offered the policy limit to Ms. Wills, but Ms. Wills refused it. LM argues that Ms. Wills never made a policy limit demand to LM, but instead demanded three times the amount of the policy limit. (Doc. 20.) In response, Ms. Stiles requests that the Court deny or defer ruling on LM's motion because the parties recently completed their Rule 26(f) conference and Ms. Stiles has not had an opportunity to conduct any discovery yet. (Doc. 25.) As to the substance of LM's motion, Ms. Stiles' response argues only that whether an insurance company engaged in bad faith is a fact question for the jury. (*Id.*)

"[A] bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy." *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. 2014).

> The insurance company incurs liability exposure in such 'bad faith' claims when the company refuses to settle a claim within the policy limits and the insured is subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy.

*Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67-68 (Mo. 2000) (citing *Zumwalt v. Utilities Ins. Co.*, 228 S.W.2d 750, 754 (Mo. 1950)).

Here, the uncontroverted material facts establish that on December 27, 2016, LM offered Ms. Wills $100,000 – the amount of the Policy's "Each Person" bodily injury liability limit – to settle her claim against Ms. Stiles. In letters of February 22, 2018, August 14, 2018, November 18, 2018, and June 10, 2019, to Wills' counsel, LM reiterated its offer, "following up" on the

"policy limits offer of $100,000." Then in an October 23, 2019 letter, Ms. Wills' counsel made the Global Demand to LM for $300,000 to settle the claims of Ms. Wills and three other individuals involved in the Accident, a settlement offer that Ms. Wills' counsel indicated could only be accepted globally by payment of the entirety of the policy limits in the amount of $300,000 . . . ." The Each Person policy limit of $100,000 was once more offered to Ms. Wills in a November 22, 2019 letter to Ms. Wills' counsel. Ms. Wills then filed the Underlying Lawsuit. As noted above, three of the four plaintiffs in the Underlying Lawsuit settled their claims as follows: Jordan Axtell for $50,000 plus agreed court costs; minor L.A. for $20,000 plus agreed court costs; and minor L.W.-W. for $21,137.87 plus agreed court costs. Ms. Wills submitted her claim to a jury who returned a verdict in her favor against Ms. Stiles, in the amount of $625,000, upon which a judgment was entered.

Defendant LM does not show that there is an absence of evidence to support Ms. Stiles' allegation that LM is guilty of fraud or bad faith in refusing to settle the claim arising from the Accident within the $300,000 each accident limits of the policy in order to protect Ms. Stiles' financial interest. *Scottsdale Ins. Co.*, 448 S.W.3d at 827-28. Even under LM's facts as deemed admitted, there is at least a question of fact as to whether Defendant LM "refuse[d] to settle [the claim within the [each accident] policy limits and the insured [was] subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy." *Overcast*, 11 S.W.3d at 67-68.

### III. Conclusion

Accordingly, Defendant LM's motion for summary judgment as to Defendant Stiles' Cross Claim is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12, 2023