IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATELYN WILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-06141-RK |
| | ) |
| BRETT STILES, LM GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant/Cross-Claim Defendant LM General Insurance Company's ("LM") motion for reconsideration or to certify for interlocutory appeal. (Doc. 36.) The motion is fully briefed. (Docs. 39, 40, 41.) For the reasons below, the motion is **DENIED** as to reconsideration and **DENIED** as to certification for interlocutory appeal.

I.     **Reconsideration**

Under Rule 54(b), "any order . . . , however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court "may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010). Here, Plaintiff makes no such showing.

In its Order denying LM's motion for summary judgment as to Ms. Stiles's Cross Claim, the Court found that Defendant LM failed to show that there is an absence of evidence to support Ms. Stiles' allegation that LM is guilty of fraud or bad faith in refusing to settle the claim arising from the Accident within the $300,000 each accident limits of the policy in order to protect Ms. Stiles' financial interest, citing *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827-28 (Mo. 2014). The Court reasoned that even under LM's facts as deemed admitted, there was at least a question of fact as to whether Defendant LM "refuse[d] to settle [the claim within the [each accident] policy limits and the insured [was] subjected to a judgment in excess of the policy limits

as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67-68 (Mo. 2000).

In its motion to reconsider, Defendant LM, citing several non-binding authorities, argues the Court made a mistake of law in reasoning that it could not be found liable for bad faith where it offered the per person limit to one claimant and refused a global demand for all claimants for the each accident policy limit. Defendant LM also argues the Court could not rule as it did because the parties did not raise an issue the Court found dispositive in making its ruling.

The Court finds Defendant LM's reasoning and authorities are not persuasive. Defendant LM had a fair opportunity to argue its position that its refusal of the global demand for the each accident policy limits could not support a finding of bad faith liability and makes no convincing argument to the contrary. Moreover, at this stage of proceedings, the claim is simply being allowed to move forward based on the current record; further argument as to the elements of Ms. Stiles' bad faith claim is not foreclosed as the case moves forward and the relevant facts are further developed through discovery. At this juncture, the Court stands by its prior analysis and is not convinced an error has been made.

## II. Certification for Interlocutory Appeal

Title 28 U.S.C. § 1292(b) governs the certification of an order for interlocutory appeal. It provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Eighth Circuit has explained:

> It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination. In accordance with this policy, § 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.

*White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

Here, the Court finds there is not substantial ground for difference of opinion and that an immediate appeal from the order would not materially advance the ultimate termination of this litigation. The Court finds that Defendant LM has not carried its heavy burden to demonstrate that this case is the exceptional one in which immediate appeal is warranted.

## Conclusion

Accordingly, Defendant LM's motion for reconsideration as to the Court's Order denying summary judgment as to Defendant Stiles' Cross Claim is **DENIED**, and Defendant LM's alternative request to certify for interlocutory appeal is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 14, 2023