**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| KATELYN WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 5:22-cv-06141 |
| ) | |
| LM GENERAL INSURANCE COMPANY ) | |
| and BRETT STILES, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

**COMES NOW,** Plaintiff, by and through her attorneys of record, and states as follows:

1. Plaintiff is a resident of St. Joseph, Buchanan County, Missouri.

2. Defendant LM General Insurance Company (LM) is an Illinois insurance company. At all relevant times and for all relevant purposes, LM acted by and through its agents, employees, servants, representatives, and/or contractors in the course and scope of their work for and on behalf of LM.

3. Defendant Brett Stiles (Stiles) is, upon information and belief, a resident of Andrew County, Missouri.

4. This Court has jurisdiction over Stiles because she is, upon information and belief, a Missouri resident and this action arises out of a judgment entered against her by a Missouri court for negligence in operating a motor vehicle in Missouri.

5. Stiles is a proper party defendant under MO. REV. STAT. § 379.200.

6. This Court has jurisdiction over LM because it issued a liability insurance policy covering Stiles' liability to Plaintiff for liability in connection with Stiles' operation of a motor vehicle in Missouri.

1

7. On September 6, 2016, Plaintiff was injured in a motor vehicle collision when the car she was in collided with the side of a pickup truck driven by Stiles. Plaintiff was a passenger in the vehicle she occupied. The vehicle was driven by Jordan Axtell and was also occupied by Plaintiff's minor children, LWW and LA. All four occupants of the vehicle sustained injuries in the crash. They all made claims against Stiles.

8. At the time of the collision, Stiles was insured under an automobile liability insurance policy issued by LM, with the policy number of AOS-248-177135-70 6 4 and effective dates of March 3, 2016 to March 3, 2017. The policy provided limits of liability of $100,000 each person and $300,000 each accident.

9. On May 27, 2020, Plaintiff, Jordan Axtell, LWW, and LW filed a lawsuit against Stiles in the Circuit Court of Andrew County, Missouri for negligence.

10. Venue was later transferred to the Circuit Court of Buchanan County, Missouri and the case number of 20BU-CV03134 was assigned.

11. Plaintiff's case against Stiles was tried to a jury from May 17 to 19, 2022.

12. Before trial, Jordan Axtell, LWW, and LA settled their claims against Stiles with LM agreeing to pay them under the policy.

13. The case was submitted to the jury and the jury returned a verdict in favor of Plaintiff and against Stiles on Plaintiff's claim for negligence in the amount of $625,000.

14. The trial court entered judgment on the jury's verdict on May 27, 2022, which included taxable court costs and post-judgment interest.

15. Stiles filed post-trial motions and those were denied by the trial court.

16. Stiles did not file an appeal.

17. LM's policy covers Stiles' liability for the judgment entered against her.

18. LM defended Stiles in Plaintiff's lawsuit against Stiles in which the judgment was entered and did so without a reservation of rights.

19. Under its policy, LM reserved the exclusive right to contest, control, adjust, defend, handle, and settle any claim against Stiles and it prohibited Stiles from voluntarily assuming any liability or settling any claims without consent.

20. LM had a fiduciary relationship with Stiles and had a duty to act in good faith to place her interests ahead of its own to protect Stiles.

21. LM voluntarily undertook to control, adjust, settle, handle, and defend Plaintiff's claims against Stiles, but LM acted in bad faith and failed to do so in good faith.

22. At all relevant times, LM knew or should have known that Plaintiff's losses and damages, as well as the damages and losses of those who also occupied Plaintiff's vehicle, would exceed the limits of liability under LM's policy.

23. Before the jury trial which resulted in a judgment against Stiles, Plaintiff submitted several settlement demands.

24. On October 23, 2019, Plaintiff, Jordan Axtell, LWW, and LA submitted a settlement demand and offer to LM for $300,000, which was calculated or allocated as follows: $100,000 to Katelyn Wills; $100,000 to Jordan Axtell; $50,000 to LWW, and $50,000 to LA. A release was offered to Stiles in exchange for LM's payment of $300,000, as allocated in the demand.

25. Upon information and belief, Stiles made a demand on LM to pay the settlement that Plaintiff and the others demanded.

26. LM refused to pay the settlement demand.

3

27. LM knew or should have known that there was a significant risk that a judgment against Stiles for each of the four claimants would exceed the amounts allocated to each claimant in the demand and the limits of liability under the LM policy.

28. LM's refusal to pay the settlement demand was in bad faith, without reasonable and sufficient cause or excuse, was in breach of its fiduciary duty to Stiles, and was vexatious. By refusing to pay the demand, LM wrongfully, intentionally, and willfully acted in bad faith and put its financial interests ahead of Stiles' financial interests.

29. On March 18, 2021, Plaintiff, Jordan Axtell, LWW, and LA submitted a settlement demand and offer which included, among other things, the following terms: (a) the parties would agree to submit Plaintiffs' claims to binding arbitration; (b) Plaintiffs would agree to levy no execution of the judgment against Stiles' personal assets or her parents but instead look solely to satisfaction of the judgment from existing insurance coverage and any proceeds from a claim or claims against any insurance company for its alleged bad faith and/or negligence in failing to settle the Plaintiffs' claims within available policy limits.

30. Stiles agreed to the March 18, 2021 settlement demand and offer and demanded that LM agree to the demand as well.

31. LM refused to agree to the March 18, 2021 settlement demand and offer.

32. The March 18, 2021 settlement demand and offer would have preserved LM's right to contest the liability of Stiles to Plaintiff, Jordan Axtell, LWW, and LA and the damages of Plaintiff, Jordan Axtell, LWW, and LA while protecting Stiles by keeping her assets, income, and other financial resources secure from being used to satisfy any judgment.

33. LM's refusal to agree to the March 18, 2021 settlement demand and offer was in bad faith, without reasonable, valid, and sufficient cause or excuse, was in breach of its fiduciary

duty to Stiles, and was vexatious. By refusing to agree to the demand and offer, LM wrongfully, intentionally, and willfully acted in bad faith and put its financial interests ahead of Stiles' financial interests.

34. On April 23, 2021, Plaintiff, Jordan Axtell, LWW, and LA submitted another settlement demand and offer that included, among other things, the following terms: (a) the parties' agreement to submit Plaintiffs' claims to binding arbitration; (b) agreement by Plaintiffs to levy no execution of the judgment against the personal assets of Brett Stiles and her parents but instead to look solely to satisfaction of the judgment from existing insurance coverage and any proceeds from a claim or claims against any insurance company for its alleged bad faith and/or negligence in failing to settle the Plaintiffs' claims within the available policy limits; and (c) agreement to request choice of an arbitrator by the presiding judge of the Circuit Court of Buchanan County, Missouri in the event that the parties could not agree on an arbitrator.

35. Brett Stiles agreed to the April 23, 2021 demand and offer and demanded that LM agree to it as well.

36. LM refused to agree to the April 23, 2021 demand and offer.

37. The April 23, 2021 settlement demand and offer would have preserved LM's right to contest the liability of Stiles to Plaintiff, Jordan Axtell, LWW, and LA and the damages of Plaintiff, Jordan Axtell, LWW, and LA while protecting Stiles by keeping her assets, income, and other financial resources secure from being used to satisfy any judgment.

38. LM's refusal to agree to the April 23, 2021 settlement demand and offer was in bad faith, without reasonable, valid, and sufficient cause or excuse, was in breach of its fiduciary duty to Stiles, and was vexatious. By refusing to agree to the demand, LM wrongfully, intentionally, and willfully acted in bad faith and put its financial interests ahead of Stiles' financial interests.

5

39. As a result of LM's wrongful refusal to agree to Plaintiffs' settlement demands and offers, the case did not settle and the case proceeded to a judgment which exceeds the limits of liability of LM's policy.

40. Stiles has entered into an agreement with Plaintiff to assign her rights, claims, remedies, and causes of action against LM to Plaintiff, including rights, actions, remedies, and causes of action for bad faith, breach of contract, and vexatious refusal. Accordingly, Plaintiff has the right to assert the claims and causes of action set forth herein, and to pursue and recover any remedies permitted by law and the facts of the case.

41. Stiles is a proper party defendant in this action under MO. REV. STAT. § 379.200.

42. Plaintiff's judgment against Stiles has not been satisfied in whole.

43. The principal sum of $525,000 remains outstanding and has not been satisfied.

44. LM is liable for the entirety of Plaintiff's judgment against Stiles because of its bad faith and breach of fiduciary duty in refusing to agree to the settlement demands Plaintiff submitted before judgment was entered against Stiles.

45. Plaintiff is entitled to proceed in equitable garnishment under MO. REV. STAT. § 379.200 to reach and apply the insurance money from LM, including the insurance money in excess of the limits of liability under the policy made available by LM's bad faith, to satisfaction of Plaintiff's entire judgment against LM.

46. LM had a duty to act in good faith regarding settlement of Plaintiff's claim against Stiles.

47. LM breached its duty to act in good faith regarding settlement of Plaintiff's claim against Stiles when it intentionally, wrongfully, and willfully disregarded Stiles' financial interests

6

and put its financial interests ahead of hers by refusing to agree to Plaintiff's settlement demands without an adequate, just, and/or reasonable excuse.

48. Plaintiff's settlement demands were fair and reasonable and would have protected Stiles' financial interests if LM would have agreed to Plaintiff's demands.

49. LM's refusal to agree to Plaintiff's settlement demands exposed Stiles and her personal assets, income, and financial resources to a judgment which exceeds the limit of liability under the LM policy.

50. LM and other unknown employees, representatives, agents, and attorneys of LM had the exclusive right and control to adjust, settle, investigate, negotiate, defend, and handle the claims and suit of Plaintiff. LM and other unknown employees, representatives, agents, and attorneys of LM had a duty and obligation to keep Stiles fully informed of all activity on the claims and suit made against her related to the subject crash. LM did not do that in good faith and thereby breached duties owed to Stiles resulting in an excess judgment being entered against Stiles.

51. Plaintiff seeks reasonable attorneys' fees and actual and punitive damages in accordance with *Grewell v. State Farm Mut. Ins. Co. and Wilkins*, 162 S.W.3d 503 (Mo. Ct. App. 2005), and applicable Missouri law because of the special and fiduciary relationship between Stiles and LM exist, which warrant attorney fees and punitive damages against LM.

52. Stiles placed her trust and confidence in LM to defend her and settle claims against her in good faith to protect her interests.

53. LM acted wrongfully and committed bad faith and breached its fiduciary duties to Stiles in that after receipt of Plaintiff's settlement demands and offers, it:

(a) Did not timely accept Plaintiff's settlement demands and offers;

(b) Refused to allow Stiles to accept any settlement demands and offers prior to trial;

7

(c) Refused to negotiate settlement with Plaintiff;

(d) Made no good faith attempt to settle Plaintiff's claims and suit against Stiles;

(e) Made no real effort to negotiate a settlement with Plaintiff that would be acceptable to Plaintiff;

(f) Failed to accept Plaintiff's settlement demands and offers and to keep Stiles informed of all proceedings and negotiations and the reasons for not settling;

(g) Placed its financial interests ahead of Stiles' financial interests in violation of its obligations and by not giving at least equal consideration to the interest of Stiles and by refusing to timely accept Plaintiff's settlement demands and offers;

(h) Failed to timely communicate all of Plaintiff's settlement demands and offers to Stiles and to disclose why LM would not settle with Plaintiff or let Stiles accept any of Plaintiff's settlement demands and offers;

(i) Failed to timely settle Plaintiff's claims against Stiles and to secure financial protection through the use of the arbitration agreements that Plaintiff demanded on two occasions prior to trial, which would have limited recovery to insurance coverage and any liability of LM for amounts in excess of the limits of liability under its policy;

(j) Failed to timely communicate with Plaintiff and her attorneys and Stiles to reach a settlement agreement before a judgment was rendered against Stiles;

(k) Failed to protect Stiles' financial interests by securing protection for her through the use of a contract to limit recovery or other settlement agreements prior to trial;

(l) Failed and refused to disclose to Stiles what LM's evaluations were and of the huge exposure Stiles faced if the case were not timely settled and that a prejudgment

8

Case 5:22-cv-06141-RK    Document 90    Filed 08/14/24    Page 8 of 20

interest award would surely exceed the coverages for which she would be liable over and above the limits of liability under her policy;

(m) Failed to give timely and proper advice to Stiles as to Plaintiff's settlement demands and offers and the consequences if not timely accepted;

(n) Failed to comply with Missouri's Unfair Claims Practices Act and regulations and standards related thereto in regard to good faith claims handling and by not timely settling Plaintiff's claims and suit;

(o) Failed to follow LM's claims manuals, standards, policies, procedures, guidelines, and rules in regard to good faith claims handling;

(p) Failed to consider and timely accept Plaintiff's settlement demands and offers, thereby intentionally ignoring Stiles' financial interests;

(q) Failed to foresee the probable excess judgment against Stiles for actual damages and the devastating effect on her;

(r) Failed to seek and/or heed settlement advice from attorneys hired to represent and defend Stiles;

(s) Failed to fully satisfy and pay Plaintiff's money judgment against Stiles, including interest and costs;

(t) Failed to fully advise and explain to Stiles her personal exposure for interest, costs, and actual damages if LM did not timely settle with Plaintiff;

(u) Failed to fully advise and explain to Stiles her personal exposure for actual damages, interest, and costs if LM did not timely settle with Plaintiff prior to any judgment being entered;

9

(v) Failed to fully advise and explain to Stiles what coverages she had for interest and court costs under her auto policy and what LM would and would not pay as to the prejudgment and post-judgment interest awards and liability coverage and court costs; and

(y) Did not properly and timely communicate with Stiles concerning Plaintiff's claims, demands, suit, and offers.

54. In bad faith, LM failed and refused to settle Plaintiff's claims and suit against Stiles on the terms demanded by Plaintiff.

55. In bad faith and in breach of fiduciary duty, LM rejected Plaintiff's fair and reasonable settlement demands.

56. At all times and places relevant herein, LM acted wrongly and in bad faith and violated its fiduciary duties and obligations to Stiles by, among other things:

(a) Failing to settle Plaintiff's claims within the liability limits when a reasonable investigation would have, and in fact, did show liability on Stiles' part and damages far in excess of the LM coverage;

(b) Refusing to timely and fully advise Stiles of Plaintiff's settlement offers and the potential financial effect on Stiles for actual damages and interest if the claims were not timely settled;

(c) Refusing and failing to keep Stiles informed of all settlement negotiations and offers and LM's reasons for not agreeing to or signing any settlement agreement that would have protected her;

(d) Failing and refusing to advise Stiles of the consequences of LM's refusal to settle with Plaintiff, including the potential excess exposure and the threat of losing her present and future personal belongings, income, and assets;

(e) Putting LM's financial self-interest ahead of its insured, Defendant Stiles, in violation of its duties and obligations owed to her by refusing to timely settle with Plaintiff on terms acceptable to Plaintiff;

(f) Failing to fully advise Stiles early on that LM had a conflict of interest, which prevented the fair exercise of its obligations and duties owed to Stiles;

(g) Failing and refusing to properly investigate the facts concerning Stiles' liability for the accident and the potential financial exposure for the injuries and damages received by Plaintiff and the certainty that an excess judgment would be entered against Stiles if LM did not timely or otherwise settle with Plaintiff;

(h) Taking multiple actions that were not in the best interests of Stiles, including, but not limited to, forcing Plaintiff to sue her and go to trial and obtain a final money judgment against Stiles;

(i) Failing to recognize and meet its duties to Stiles to settle all claims related to the motor vehicle crash in a timely fashion;

(j) Knowingly failing to staff the claims and legal offices with competent and sufficient people so that claims could be handled in a timely and good faith manner;

(k) Failing to recognize the financial consequences to Stiles if an excess judgment was entered in Plaintiff's favor;

(l) Knowingly forcing employees to handle an excessive number of claims and, thus, preventing or impairing good faith claims handling;

(m) Using improper claims evaluation methods in an effort to keep payments artificially low, at the risk of the insured's personal assets and not evaluating the full value of Plaintiff's damages;

(n) Using improper and knowingly invalid claims evaluations and making no or low-ball evaluations of the Plaintiff's full damages;

(o) Placing improper limitations upon the amount of time and/or money, which could be spent in investigating Plaintiff's claims and/or defending Stiles for the claims and suit against her;

(p) Effectively refusing to allow Stiles to enter into any settlement agreement with Plaintiff so as to protect herself from having to pay any excess judgments prior to trial;

(q) Forcing Plaintiff's claims and suit to trial resulting an in an excess judgment being entered against Stiles far in excess of her insurance limits and coverages with LM for actual damages, interest, and court costs;

(r) Failing to timely appeal Plaintiff's judgment award for actual damages and interest;

(s) Failing to truly consider the financial exposure to Stiles by not timely settling and forcing Plaintiff's suit to trial and final judgment;

(t) Refusing to sign or agree to a contract to limit recovery;

(u) Refusing to agree to Plaintiff's settlement demands and offers;

(v) Refusing to pay all of the interest and costs owed to Plaintiff;

(w) Knowingly authorizing and/or permitting the attorney it hired to represent Stiles to argue at trial that the jury should award a verdict which exceeded the limits of liability under the LM policy.

12

57. Following the expiration of Plaintiff's settlement demands and offers, LM had other opportunities to settle Plaintiff's claims and suit against Stiles for a sum less than the actual value of the damages suffered by Plaintiff. LM refused to settle Plaintiff's claims and suit against Stiles after it knew or should have known that its conduct had and would expose Stiles to a larger excess judgment. LM's conduct was an act of bad faith and a breach of fiduciary duty that resulted in a money judgment being entered against Stiles far in excess of her coverages with LM, as pled herein.

58. LM voluntarily took action in its own self-interest based upon systems and procedures put in place which encouraged the adjusters, supervisors, attorneys, and other employees to put the interest of LM above that of Stiles. Said adjusters, supervisors, attorneys, and other employees of LM took such action in its own self-interest, and against the interest of Stiles, which constitute a breach of the duty it owed to Stiles. Such self-interest included, but is not limited to, its interest in performance ratings, bonuses, and other economic incentives to delay, forestall, deny, or refuse to pay valid claims, in violation of its duties to Stiles. These decisions to take action in its own self-interest were sanctioned, approved of, and encourage by LM expressly and/or through LM's institutional practices, policies, and procedures.

59. At all relevant times, LM's claims adjusters and other employees and attorneys deviated from the written manuals, guidelines, policies, standards, procedures, and practices for good faith claims adjusting as to Stiles.

60. At all relevant times, LM's claims adjusters and other employees and attorneys deviated from and failed to follow the requirements set forth in Missouri Revised Statutes Chapter 375 and related insurance regulations and standards established by the State of Missouri to ensure good faith claims handling as to Stiles and Plaintiff's claims and suit.

61. LM's conduct as set forth herein was intentional and/or reckless and designed to cause financial damage to Stiles with knowledge of the disastrous consequences to her when the Plaintiff's claims and suit were not timely settled. LM owed Stiles a duty to exercise good faith while investigating Plaintiff's claims, and in considering the settlement demands and offers received from Plaintiff. LM failed to exercise good faith throughout its handling of Plaintiff's claims and suit against Stiles. As a direct result of LM's failure to timely accept Plaintiff's settlement demands and offers, the Court awarded a money judgment in favor of Plaintiff, and against Stiles, for $625,000 for actual damages as well as additional sums for interest. The excess judgment was entered as a direct and proximate result of LM's improper and wrongful conduct as pled herein.

62. If LM had timely settled the Plaintiff's claims and/or suit, Stiles either would not have the judgment against her or her assets, income, and other financial resources would have been protected from being used to satisfy any judgment.

63. By operation of law, the total money judgment has and will accrue interest at the rate of 6% per annum until fully paid and satisfied. As a result of Plaintiff's judgment, Stiles's credit has been damaged and ruined and will continue to suffer damage.

64. Following the trial and resulting judgments for Plaintiff, LM was obligated to pay the judgment which had been rendered against its insured, Stiles, including the interest and court costs. LM's failure to timely satisfy the judgment and/or pay all of the interest and court costs rendered against Defendant Stiles exposed Defendant Stiles to financial ruination and was an intentional decision made in complete disregard of Stiles's interest and was an independent act of bad faith by LM.

14

Case 5:22-cv-06141-RK  Document 90  Filed 08/14/24  Page 14 of 20

65. Stiles, as a direct and proximate result of LM's conduct, sustained damages, including, but not limited to, actual damages, attorneys' fees, court costs, emotional distress, trauma, and a money judgment for which she seeks redress and damages.

66. As a direct result of the conduct of LM and its breach of its obligations to Stiles, she and Plaintiff have incurred legal and other expenses which should be paid for by LM.

67. The harm arising from such reckless conduct on the part of LM was a foreseeable result of its actions, such actions being taken despite and in the face of the foreseeability of such harm.

68. LM knew, or reasonably should have known, that Stiles relied and depended exclusively on its decisions, LM knew the adverse consequences, which would arise from the decisions it made, but took such action or inaction despite its knowledge to protect Stiles.

69. LM breached its obligations to Stiles as pled herein. LM took over the investigations and negotiations to settle with Plaintiff but failed to keep Defendant Stiles fully informed of those negotiations and looked out for the insurer's interests instead of its insured. Through its behavior and conduct, LM allowed and caused a judgment to be entered against Stiles far in excess of the insurance limits to wit: $625,000 plus interest.

70. Despite such knowledge, LM continued to intentionally engage in conduct in reckless disregard of the law and in reckless disregard of the consequences to Stiles, all with sole regard for its own pecuniary interest and with knowledge that its conduct would result in the financial ruination of Stiles.

71. Such conduct by LM is consistent with a pattern of conduct to refuse to negotiate in good faith while knowingly exposing its insureds to personal liability and financial ruination solely to delay settlements and garner more profit for the corporate coffers.

72. By refusing to accept Plaintiff's pre-judgment settlement demands and offers and by refusing to pay the judgment against Stiles in full once it was entered or thereafter, LM has acted vexatiously and without reasonable cause or excuse and is therefore liable for attorney fees and penalties under MO. REV. STAT. §§ 375.296 and 375.420.

73. LM has intentionally disregarded the rights and interests of Stiles and has acted in bad faith throughout its handling of the claims and suit against Stiles, and exposed Stiles to an excess judgment and her personal assets, income, and other financial resources to being used to satisfy that excess judgment.

74. LM's wrongful conduct, including its bad faith and breach of fiduciary duty, directly caused or directly contributed to cause damages to Stiles, which are recoverable by Plaintiff under Stiles' assignment to Plaintiff.

## COUNT I
## BAD FAITH AND BREACH OF FIDUCIARY DUTY

For Count I, Plaintiff states:

75. Plaintiff hereby incorporates by reference the paragraphs above and below as fully set forth herein.

76. Under the policy through which it insured Stiles, LM reserved for itself the exclusive right to settle, defend, contest, and handle claims and suits asserted against Stiles and prohibited Stiles from settling claims and suits asserted against her.

77. LM undertook to settle, defend, contest, and handle claims and suits against Stiles by Plaintiff, Jordan Axtell, LWW, and LA without reservation of rights.

78. LM had a fiduciary relationship with Stiles which required it to protect her interests in connection with the claims and suits against her.

79. Stiles placed her trust and confidence in LM to settle, defend, contest, and handle claims and suits against her in a manner that would protect her financial interests, including protection of her assets, income, and other financial resources from being used to satisfy a judgment.

80. During the course of LM's undertaking to settle, defend, contest, and handle claims and suits against Stiles, Plaintiff, Jordan Axtell, LWW, and LA submitted the settlement demands and offers set forth above which were fair and reasonable and which would have protected Stiles' assets, income, and other financial resources from being used to satisfy a judgment.

81. In its undertaking to settle, defend, contest, and handle claims and suits against Stiles, LM had a duty to act in good faith and to protect Stiles' financial interests as Stiles' fiduciary.

82. LM breached its duty to act in good faith and its fiduciary duty to Stiles when it failed and refused to agree to the settlement demands and offers submitted by Plaintiff, Jordan Axtell, LWW, and LA.

83. LM has also acted in bad faith and has breached its fiduciary duties to Stiles for the reasons set forth in Paragraphs 18 through 74, above, which are incorporated by reference herein.

84. LM's bad faith and breach of fiduciary duties to Stiles has directly caused or directly contributed to cause damages to Stiles, which are recoverable by Plaintiff through Stiles' assignment to Plaintiff.

85. Plaintiff is entitled to proceed in equitable garnishment to reach and apply the insurance money from LM under MO. REV. STAT. § 379.200 to satisfy the entire judgment entered against Stiles under the facts and circumstances of this case, including LM's bad faith and breach of fiduciary duty to Stiles.

**WHEREFORE,** Plaintiff prays for judgment against Defendant LM General Insurance Company and Defendant Brett Stiles as follows:

(a) Finding that the LM policy provides coverage and indemnity for the Judgment entered against Stiles, plus interest and costs;

(b) That LM is obligated to provide indemnity for the entirety of the Judgment entered against Stiles, plus interest and costs;

(c) That LM is liable for attorney fees, statutory penalties, interest, and costs; and

(d) For such other and further relief as the Court deems just and proper.

## COUNT II
## EQUITABLE GARNISHMENT

For Count II, Plaintiff states:

86. Plaintiff hereby incorporates by reference the paragraphs above as if they were fully set forth herein.

87. Plaintiff obtained a judgment against LM's insured, Stiles, during the policy period of LM's policy.

88. Plaintiff's injuries, damages, and judgment against Stiles are covered by LM's policy.

89. Pursuant to MO. REV. STAT. § 379.200, Plaintiff is entitled to proceed in equitable garnishment against LM and Stiles to reach and apply insurance money from LM to satisfy the entire judgment entered against Stiles.

90. The insurance money available in this case includes all amounts necessary to satisfy the entire judgment entered against Stiles due to LM's bad faith and breach of fiduciary duties to Stiles, as pled herein.

91. Due to LM's bad faith and breach of fiduciary duties to Stiles, as pled herein, the limits of liability under LM's policy are no longer applicable and the amount of insurance money available under the policy is not restricted by the limits of liability.

92. It has been more than thirty days since the judgment was rendered and it remains unsatisfied.

**WHEREFORE,** Plaintiff prays for judgment against Defendant LM General Insurance Company and Defendant Brett Stiles as follows:

(a) Finding that the LM policy provides coverage and indemnity for the Judgment entered against Stiles, plus interest and costs;

(b) That LM is obligated to provide indemnity for the entirety of the Judgment entered against Stiles, plus interest and costs;

(c) That LM is liable for attorney fees, statutory penalties, interest, and costs; and

(d) For such other and further relief as the Court deems just and proper.

*Jury trial demanded.*

Respectfully submitted,

**TAYLOR SIEMENS ELLIOTT
CREEDY & LYLE P.C.**

By: ***/s/ Benjamin S. Creedy***
    Benjamin S. Creedy - #56371
    bencreedy@taylorsiemenslaw.com
    3007 Frederick Avenue
    St. Joseph, Missouri 64506
    Telephone: (816) 364-6677
    Facsimile: (816) 364-9677

**ATTORNEYS FOR PLAINTIFF**

20

Case 5:22-cv-06141-RK    Document 90    Filed 08/14/24    Page 20 of 20